·JOSEPH F. DUNN ET AL., APPELLANTS, V. SAMUEL M. THOMAS, APPELLEE.

FILED JULY 3, 1903.   No. 12,986.

1. **Riparian Owner: PRESCRIPTION.** A lower riparian owner obtains no right to receive the water of a stream, as against an upper owner, by user for the statutory period of prescription.

2. **Easement: PRESCRIPTION.** In order to acquire an easement by prescription, the adverse user must not only be continuous in point of time, but also substantially identical, during the whole of the statutory period, with respect to manner and extent.

3. ———: ———. One who seeks to acquire an easement of maintaining a ditch over another's land by adverse user must maintain it without material change of location for the full statutory period. That he may have had a ditch somewhere upon the land for ten years, does not give him a right to maintain it in a new location, or to use an extension thereof made within the period.

APPEAL from the district court for Sioux county·. WILLIAM H. WESTOVER, DISTRICT JUDGE.   *Affirmed.*

*Allen G. Fisher,* for appellants.

*W. H. Fanning, contra.*

POUND, C.

Plaintiffs sue to enjoin the defendant from interfering with or preventing their cleaning out and operating an irrigation ditch, which they claim a right to maintain over and across the defendant's land.   They also pray an injunction to restrain the defendant from in any manner

diminishing the flow of water in the ditch. The trial court dismissed the cause, and plaintiffs appeal.

The claim to relief against diminishing the flow of water in the ditch appears to be directed against certain ditches maintained by the defendant (who is an upper riparian owner) on his own land, and to be based on the assumption that plaintiffs (who are lower owners) have acquired a right to receive the water of the stream in question for use in their ditch by ten years' user. Of course, this claim is without any legal basis, and was properly rejected by the district court. *Crawford Co. v. Hathaway*, 67 Neb. 325. As to the plaintiffs' ditch, it appears very clearly that a ditch was run upon defendant's land in November, 1890, and that plaintiffs have taken water at a point on said land ever since. But one of their principal witnesses testifies that in 1899, two years prior to this suit, the ditch was run some distance higher up on defendant's land, and the latter claims that this extension injures his land and that his objections and the interference and obstructions sought to be restrained are directed against the new location and extension. This does not seem to be seriously disputed. In order to acquire an easement by prescription, the adverse user must not only be continuous in point of time, but also substantially identical, during the whole statutory period, with respect to manner and extent. *American Bank Note Co. v. New York E. R. Co.*, 129 N. Y. 252, 29 N. E. 302; *Cotton v. Pocasset Mfg. Co.*, 13 Met. (Mass.) 429. In consequence, one who seeks to acquire an easement of maintaining a ditch over another's land by adverse user, must maintain it without material change of location for the full statutory period. *Cotton v. Pocasset Mfg. Co., supra.* That plaintiffs may have had a ditch somewhere upon the land for ten years, does not give them a right to maintain it in a new location or to use an extension thereof made within the period.

We therefore recommend that the decree be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.